JEREMIAH A. TOWNSEND and MARY C. TOWNSEND, *et al.*, plaintiffs in error, *v.* STEPHEN GRIGGS, Treasurer of the Alton Manufacturing Company, defendant in error.

### *Error to Madison.*

The return of the sheriff upon a summons in chancery, stated that the same was executed by leaving true copies thereof at the residence of the defendants, in the hands of white persons over fourteen years of age, after having explained to them the contents thereof: *Held,* that the return was not sufficient.

Where a summons in chancery is served by leaving a copy at the residence of the defendant, the return of the officer must show that the person with whom the summons was left, was of the family of the defendant.

THIS was a suit in chancery, by the defendant in error, against the plaintiffs in error, in the Madison Circuit Court, to foreclose a mortgage. The return of the sheriff upon the summons, stated that he had executed the same, " by leaving true copies of this writ at

the residence of the within named JEREMIAH A. TOWNSEND and MARY C. TOWNSEND, in the hands of white persons over fourteen years of age, after having explained to them the contents thereof."

At the return term of the process, (February term, 1840) the defendants were defaulted, and a decree *pro confesso* entered against them.

At the August term, 1840, of the Court below, the Hon. Sidney Breese presiding, the defendants filed affidavits, showing that they had no residence in Alton at the time of the alleged service of process upon them, and that the copies of the summons were left at the residence of a Mr. Hart; and that Townsend had no notice of the pendency of the suit, until after the adjournment of the term of the Court in which the decree was entered; and moved to set aside the decree.   The motion was overruled, and the defendants excepted to the opinion of the Court, and brought the cause to this Court by writ of error.

G. T. M. DAVIS, for the plaintiffs in error.

A. T. BLEDSOE, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court. (1)

The service of the process on Townsend and wife, is clearly defective.    The 4th section of the act prescribing the mode of service, declares, that a copy of the summons shall be "left at the usual place of abode of the defendants, with some white person of the family, of the age of ten years or upwards, and informing such person of the contents thereof." (2)    The return in this case is defective.    It does not show the copy to have been left with any person of "the family."    The broad grounds of service given by the statute, require a rigid adherence to its letter and import.    For aught that appears by the return, the persons with whom the copy was left, may have had no connexion with, or knowledge of, the family of the defendants, or the defendants themselves.    It does not become necessary to look into the depositions offered on the application to set aside the judgment in the Circuit Court.    If they were however examined, it would be seen, that the place where the summons was left, was not the residence of the defendants; nor did the persons with whom the same was left, have any connexion with the defendants' family.    The necessity, then, of requiring a rigid compliance with the statute, as to the mode of service, is most manifest.

The judgment of the Circuit Court is reversed with costs.
*Judgment reversed.*

*Note.*   See Mitcheltree v. Stewart *et al., Ante* 17 – 20, and note;  Beaubien v. Sabin, *Post.*

(1) Lockwood, Justice, was not present at the argument of this cause.
(2) R. L. 119; Gale's Stat. 139.